```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

| | |
|---|---|
| LAURA PALMER                                  * | |
|     Plaintiff,             * | |
| vs.                                           * | |
| | CASE NO. 4:04-CV-21(CDL) |
| STEWART COUNTY SCHOOL DISTRICT                * | |
| and DR. BETTYE RAY, individually               | |
| and in her official capacity as               * | |
| Superintendent of Stewart County               | |
| School District,                              * | |
|     Defendants.            * | |

O R D E R

The Court of Appeals for the Eleventh Circuit remanded this case for this Court to consider the issue of whether Plaintiff's pay discrimination claim under 42 U.S.C. § 1981 ("§ 1981") against Defendant Ray in her individual capacity is time-barred. This Court previously dismissed that claim as time-barred. Because it found the record was undeveloped regarding the nature of Plaintiff's pay discrimination claim, the Court of Appeals remanded for "consideration of whether the cause of action could have been brought under § 1981 as it existed before its 1991 amendment to determine whether the catch-all provision applies to the instant case." *Palmer v. Stewart County Sch. Dist.*, No. 05-15721, 2006 WL 1275850, at *2 (11th Cir. May 10, 2006). For the reasons set forth below, this Court concludes that Plaintiff's pay discrimination claim could have been brought under § 1981 as it existed before its 1991 amendment and therefore finds that the pay discrimination claim is time-barred.

BACKGROUND

Plaintiff, a former employee of the Stewart County School District ("SCSD"), sued SCSD and its superintendent, Defendant Ray, for, *inter alia*, pay discrimination. Plaintiff's pay discrimination claim relates to the initial terms of her employment with SCSD. Plaintiff, a black woman, claims that when she was hired as a payroll clerk in July 2000, she was paid less than, and did not receive the same benefits as, the white person who previously held the same position. This alleged pay discrimination lasted from Plaintiff's start date in July 2000 until November 2000, when Plaintiff's pay and benefits were made commensurate with the former white employee's pay and benefits. Plaintiff does not claim that Defendants discriminated against her with regard to pay and benefits after November 2000. Plaintiff filed her Complaint on December 13, 2003.

DISCUSSION

The sole question in this case on remand is whether a two-year or four-year statute of limitations applies to Plaintiff's pay discrimination claims under § 1981 against Defendant Ray in her individual capacity.

The catch-all four-year statute of limitations of 28 U.S.C. § 1658 applies to actions arising under 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071 "1991 Act"). *See Jones v. R. R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). However, the system of "borrowed" limitations periods established in *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 660 (1987) remains in place for causes of action under § 1981 that were available prior to the 1991 amendment. *Jones*, 541 U.S. at 382. Under that

"borrowed" system, the Eleventh Circuit applies Georgia's two-year statute of limitations for personal injury claims to § 1981 claims. *Hill v. Metropolitan Atlanta Rapid Transit Authority*, 841 F.2d 1533, 1545-46 (11th Cir. 1988); *see also* O.C.G.A. § 9-3-33.

The Supreme Court in *Jones v. R. R. Donnelley & Sons Co.* concluded that a plaintiff's claim arises under § 1981 as amended by the 1991 Act "if the plaintiff's claim against the defendant was made possible by" the 1991 Act. *Jones*, 541 U.S. at 382; *see also Cooper v. Southern Co.*, 390 F.3d 695, 727 n.19 (11th Cir. 2004). So to determine which statute of limitations applies in this case, the relevant question is whether Plaintiff's cause of action could have been brought under the law as it existed prior to the 1991 Act.

In *Patterson v. McLean Credit Union*, 491 U.S. 164, 176 (1989), the Supreme Court construed § 1981 as it existed prior to the 1991 Act and found that § 1981's protection of the right "to make . . . contracts" extended "only to the formation of a contract, but not to problems that may arise later from the conditions of continuing employment." *Id*. at 176.  Thus, prior to the 1991 Act, § 1981 was limited, in the employment context, to hiring and promotion decisions involving the formation of new contracts. *See, e.g., Wall v. Trust Co. of Georgia*, 946 F.2d 805, 808 (11th Cir. 1991) (refusing to allow failure to promote claim under § 1981 where "new and distinct" relationship would not flow from the promotion).  The 1991 Act superseded this ruling, defining the term "make and enforce contracts" to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  42 U.S.C. § 1981 (as amended by Pub. L. No. 102-166 § 101(2)).

In this case, Plaintiff's pay discrimination claim relates to the initial terms and conditions of her employment—Plaintiff contends that during the formation of her contract, SCSD offered her less pay and benefits than it had paid a white person who had held the same position. Such a claim would certainly have been actionable under § 1981 prior to the 1991 amendment. *See Patterson*, 491 U.S. at 176-77 ("[§ 1981] prohibits, when based on race, the refusal to enter into a contract with someone, as well as the offer to make a contract only on discriminatory terms."). Therefore, the two-year statute of limitations applies to Plaintiff's pay discrimination claim against Defendant Ray in her individual capacity. Consequently, that claim is barred because Plaintiff did not bring the claim until more than three years after the pay discrimination cause of action arose. For this reason, the Court reaffirms its previous dismissal of Plaintiff's § 1981 claim against Defendant Ray in her individual capacity.

IT IS SO ORDERED, this 5th day of July, 2006.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE
